THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN GLASPER, Appellant. [847 NYS2d 875]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered October 3, 2005. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that his waiver of the right to appeal is invalid and that his plea was not knowingly and voluntarily entered because the factual allocution negated his intent to kill the victim, an essential element of the crime to which he pleaded guilty. Contrary to defendant's contention, the record establishes that County Court "engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Kemp*, 255 AD2d 397, 397 [1998]; *cf. People v Thousand*, 41 AD3d 1272 [2007], *lv denied* 9 NY3d 927 [2007]; *People v Brown*, 296 AD2d 860 [2002], *lv denied* 98 NY2d 767 [2002]). Although defendant's contention that the plea was not knowingly and voluntarily entered survives defendant's valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Holifield*, 34 AD3d 1316 [2006], *lv denied* 8 NY3d 846 [2007]), we conclude that it is lacking merit. Even assuming, arguendo, that defendant negated an essential element of the crime during the plea

colloquy, we conclude that the court conducted the requisite further inquiry to ensure that defendant understood the nature of the charge and that the plea was intelligently entered (*see People v Lopez*, 71 NY2d 662, 666 [1988]). Present—Scudder, P.J., Gorski, Lunn, Fahey and Peradotto, JJ.