■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON F. WRIGHT, III, Appellant. [885 NYS2d 794]—Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 15, 2007. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]). We reject the contention of defendant that his waiver of the right to appeal was invalid. "[T]he record establishes that County Court 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Glasper*, 46 AD3d 1401, 1401 [2007], *lv denied* 10 NY3d 863 [2008]). Defendant further contends that the court abused its discretion in denying his motion to withdraw his plea because it was coerced and was not knowingly and intelligently entered. Although that contention survives defendant's valid waiver of the right to appeal, we conclude that it is without merit (*see id.*). Indeed, defendant's assertions of innocence and coercion were conclusory and belied by defendant's statements during the plea colloquy (*see People v Worthy*, 46 AD3d 1382 [2007], *lv denied* 10 NY3d 773 [2008]; *People v Adams*, 45 AD3d 1346 [2007]; *People v Polite*, 259 AD2d 566, 567 [1999], *lv denied* 93 NY2d 1025 [1999]). The contention of defendant that the court erred in denying his motion to dismiss the indictment without conducting a *Clayton* hearing is forfeited by the plea and does not survive his valid waiver of the right to appeal (*see generally People v Cortes*, 44 AD3d 538 [2007], *lv denied* 9 NY3d 1032 [2008]). The valid waiver by defendant of the right to appeal also encompasses his challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). The remaining contention of defendant that he was denied effective assistance of counsel does not survive the plea or the waiver by defendant of the right to appeal because defendant failed to demonstrate that "the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Robinson*, 39 AD3d 1266, 1267 [2007], *lv denied* 9 NY3d 869 [2007] [internal quotation marks omitted]; *see People v Perillo*, 300 AD2d 1097 [2002], *lv denied* 99 NY2d 618 [2003]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.