THE PEOPLE OF THE STATE OF NEW YORK, Respondent v ELLIOTT I. JAMES, Appellant. [898 NYS2d 391]—Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered September 2, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). We reject the contention of defendant that his waiver of the right to appeal was invalid. County Court " 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Glasper*, 46 AD3d 1401, 1401 [2007], *lv denied* 10 NY3d 863 [2008]; *see People v Wright*, 66 AD3d 1334 [2009]). Defendant further contends that the court abused its discretion in denying his motion to withdraw the plea because it was not knowingly, voluntarily and intelligently entered. Although that contention survives defendant's valid waiver of the right to appeal (*see Wright*, 66 AD3d 1334 [2009]), it is without merit. "The unsupported allegations of defendant that [defense counsel] pressured him into accepting the plea bargain do not warrant vacatur of his plea" (*People v Price*, 309 AD2d 1259 [2003], *lv denied* 1 NY3d 578 [2003]; *see People v Thornton* [appeal No. 1], 167 AD2d 935 [1990], *lv denied* 78 NY2d 1082 [1991]). Further,

"[t]he record of the plea allocution establishes that defendant understood the proceeding and made a knowing, voluntary and intelligent plea" (*Price*, 309 AD2d 1259 [2003]), and there is no indication in the record that the ability of defendant to understand the plea proceeding was impaired based on his drug use two days prior to the proceeding (*see People v Spikes*, 28 AD3d 1101, 1102 [2006], *lv denied* 7 NY3d 818 [2006]; *see also People v White*, 7 AD3d 921, 922-923 [2004], *lv denied* 3 NY3d 683 [2004]).

To the extent that the contention of defendant that he was denied effective assistance of counsel survives the plea and his waiver of the right to appeal (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), it is without merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Finally, the valid waiver by defendant of the right to appeal encompasses his challenge to the court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Eatmon*, 66 AD3d 1453 [2009]). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.