■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STACY D. BRYAN, Appellant. [910 NYS2d 749]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered August 3, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his guilty plea of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]), defendant contends that his waiver of the right to appeal is invalid because the plea agreement did not include a specific sentencing promise. We reject that contention, inasmuch as the record establishes that County Court properly informed defendant of the sentencing range before he waived his right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Also without merit is the contention of defendant that his waiver of the right to appeal is invalid on the ground that it was not reduced to writing (*see People v Nicholson*, 6 NY3d 248, 257 [2006]). To the extent that the contention of defendant that he was denied effective assistance of counsel survives the plea and the waiver of the right to appeal (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), we conclude that it is without merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). We note in particular that the plea agreement negotiated by defense counsel significantly reduced defendant's exposure to incarceration at sentencing, inasmuch as defendant was allowed to plead guilty to a

class E nonviolent felony offense, as opposed to the class D violent felony offense charged in the indictment. Finally, the valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 256 [2006]). Present—Martoche, J.P., Centra, Carni, Lindley and Pine, JJ.