THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELHAJJI ELSHABAZZ, Appellant. (Appeal No. 1.) [916 NYS2d 883]—

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered August 27, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from two judgments convicting him, respectively, upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]) and upon his plea of guilty of criminal possession of marihuana in the fourth degree (§ 221.15). Contrary to the contention of defendant in each appeal, his waiver of the right to appeal was knowingly, voluntarily and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Callahan*, 80 NY2d 273, 280 [1992]). The valid waiver of the right to appeal encompasses defendant's contention concerning the denial of his request for youthful offender status (*see People v Harris*, 77 AD3d 1326 [2010]; *People v Williams*, 37 AD3d 1193 [2007]). In any event, that contention is without merit. "Supreme Court carefully considered the request to be considered a youthful offender and stated the reasons for its denial" (*Williams*, 37 AD3d at 1194), and it cannot be said that the court abused its discretion in denying that request (*see id.*;

*People v Ariola*, 15 AD3d 882 [2005], *amended on rearg* 17 AD3d 1172 [2005], *lv denied* 5 NY3d 784 [2005]; *People v Smith*, 286 AD2d 878 [2001], *lv denied* 98 NY2d 641 [2002]). Present—Scudder, P.J., Centra, Carni, Sconiers and Gorski, JJ.