■ The People of the State of New York, Respondent, v Brandon Buryta, Appellant. [924 NYS2d 894]—

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered July 6, 2010. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]), defendant contends that County Court abused its discretion in denying his request for youthful offender status. "Defendant's responses to County Court's questions unequivocally established that defendant understood the proceedings and was voluntarily waiving the right to appeal" (*People v Gilbert*, 17 AD3d 1164, 1164 [2005], *lv denied* 5 NY3d 762 [2005]; *see People v Lopez*, 6 NY3d 248, 256 [2006]), and "[t]he valid waiver of the right to appeal encompasses defendant's contention concerning the denial of his request for youthful offender status" (*People v Elshabazz*, 81 AD3d 1429, 1429 [2011]). In any event, upon our review of the record, we conclude that the court did not abuse its discretion in denying defendant's request for youthful offender status (*see People v Bell*, 56 AD3d 1227 [2008], *lv denied* 12 NY3d 781 [2009]; *People v Potter*, 13 AD3d 1191 [2004], *lv denied* 4 NY3d 889 [2005]; *see generally* CPL 720.20 [1] [a]), and we decline his request to exercise our interest of justice jurisdiction to adjudicate him a youthful offender (*cf. People v Shrubsall*, 167 AD2d 929, 929-930 [1990]). Present—Smith, J.P., Centra, Fahey, Gorski and Martoche, JJ.