# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**842**

**KA 10-01465**

PRESENT: SCUDDER, P.J., SMITH, CARNI, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMEL LYONS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (J. MICHAEL MARION OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered December 8, 2009. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that his waiver of the right to appeal was invalid. We reject that contention. Despite defendant's contention to the contrary, the record "establish[es] that [he] understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256; *see People v Graham*, 77 AD3d 1439, *lv denied* 15 NY3d 920). Defendant further contends that his waiver of the right to appeal is invalid and unenforceable because the plea "agreement was coercive and it did not contain any favorable terms for" him. Although defendant is correct to the extent that he may be construed to contend that County Court was required to inform him of the sentencing range before he waived his right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737; *People v Bryan*, 78 AD3d 1692, *lv denied* 16 NY3d 829), the record establishes that the court did so. Furthermore, the record belies defendant's contention that the plea agreement was "coercive and did not contain any favorable terms for" him. Indeed, the court promised to adjudicate defendant a youthful offender if he complied with certain conditions between the time of the plea and the time of sentencing, which would have reduced defendant's maximum term of incarceration if he had complied with the conditions set by the court, although the record establishes that defendant failed to do so. We have considered defendant's remaining contentions concerning the alleged invalidity of his waiver of the right to appeal and conclude

that they are without merit. "The valid waiver of the right to appeal encompasses defendant's contention concerning the [ultimate] denial of his request for youthful offender status" (*People v Elshabazz*, 81 AD3d 1429, 1429, *lv denied* 16 NY3d 858; *see People v Capps*, 63 AD3d 1632, *lv denied* 13 NY3d 795; *People v Porter*, 55 AD3d 1313, *lv denied* 11 NY3d 899), as well as his contention concerning the severity of his sentence (*see Lopez*, 6 NY3d at 256; *People v VanDeViver*, 56 AD3d 1118, 1119, *lv denied* 11 NY3d 931, 12 NY3d 788).

Entered:  July 1, 2011                              Patricia L. Morgan
                                                    Clerk of the Court