■ The People of the State of New York, Respondent, v Judd A. Farewell, Jr., Appellant. (Appeal No. 1.) [934 NYS2d 884]—

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (§ 140.20). Defendant's contention in each appeal that County Court abused its discretion in denying his request for youthful offender status is encompassed by his valid waiver of the right to appeal (see *People v Elshabazz*, 81 AD3d 1429 [2011], *lv denied* 16 NY3d 858 [2011]; *People v Capps*, 63 AD3d 1632 [2009], *lv denied* 13 NY3d 795 [2009]). Defendant's challenge to the severity of the sentence in each appeal is also encompassed by that

valid waiver (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v VanDeViver*, 56 AD3d 1118, 1119 [2008], *lv denied* 11 NY3d 931 [2009], *reconsideration denied* 12 NY3d 788 [2009]).

Defendant further contends in each appeal that the court should have conducted a hearing before ordering him to pay restitution. Inasmuch as defendant expressly waived his right to a hearing and agreed to the amount of restitution at sentencing, that contention is without merit (*see People v McElrath*, 241 AD2d 932 [1997]). Present—Scudder, P.J., Carni, Lindley, Sconiers and Green, JJ.