valid waiver (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v VanDeViver*, 56 AD3d 1118, 1119 [2008], *lv denied* 11 NY3d 931 [2009], *reconsideration denied* 12 NY3d 788 [2009]).

Defendant further contends in each appeal that the court should have conducted a hearing before ordering him to pay restitution. Inasmuch as defendant expressly waived his right to a hearing and agreed to the amount of restitution at sentencing, that contention is without merit (*see People v McElrath*, 241 AD2d 932 [1997]). Present—Scudder, P.J., Carni, Lindley, Sconiers and Green, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDD A. FAREWELL, JR., Appellant. (Appeal No. 2.) [934 NYS2d 733]—

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Same memorandum as in *People v Farewell* (90 AD3d 1502 [2011]). Present—Scudder, P.J., Carni, Lindley, Sconiers and Green, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOAH SCHAPIRO, Appellant. (Appeal No. 1.) [935 NYS2d 266]—

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Scudder, P.J., Smith, Green, Gorski and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOAH SCHAPIRO, Appellant. (Appeal No. 2.) [935 NYS2d 266]—

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Scudder, P.J., Smith, Green, Gorski and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PERRY, Appellant. [934 NYS2d 885]—