# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**171**

**KA 10-00555**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBBY J. GUPPY, DEFENDANT-APPELLANT.

---

AMY L. HALLENBECK, FULTON, FOR DEFENDANT-APPELLANT.

DONALD H. DODD, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered March 1, 2010.  The judgment convicted defendant, upon a jury verdict, of assault in the third degree (three counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon a jury verdict of three counts of assault in the third degree (Penal Law § 120.00 [1]) and one count of endangering the welfare of a child (§ 260.10 [1]), defendant contends that County Court abused its discretion in denying his request for youthful offender status. "Having considered the facts and circumstances of this case," we reject that contention (*People v Potter*, 13 AD3d 1191, *lv denied* 4 NY3d 889; *see People v Buryta*, 85 AD3d 1621; *see generally* CPL 720.20 [1] [a]).  We decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (*see generally People v Shrubsall*, 167 AD2d 929, 930-931).  Finally, we note that the certificate of conviction incorrectly recites that defendant was convicted of endangering the welfare of a child under Penal Law § 261.10 (1), and it must therefore be amended to reflect that he was convicted of that crime under Penal Law § 260.10 (1) (*see People v Saxton*, 32 AD3d 1286).

Entered:  February 10, 2012                    Frances E. Cafarell
                                               Clerk of the Court