■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE C. RUSH, Appellant. [942 NYS2d 844]—Appeal from a judgment of the Niagara County Court (Mark A. Violante, A.J.), rendered December 10, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted rape in the second degree (Penal Law §§ 110.00, 130.30 [1]). We reject defendant's contention that his waiver of the right to appeal was not knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]). "County Court expressly ascertained from defendant that, as a condition of the plea, he was agreeing to waive his right to appeal, and the court did not conflate that right with those automatically forfeited by a guilty plea" (*People v Thompson*, 83 AD3d 1535, 1535 [2011] [internal quotation marks omitted]; *see People v Harris*, 77 AD3d 1326 [2010], *lv denied* 16 NY3d 743 [2011]). " 'The valid waiver of the right to appeal encompasses defendant's contention concerning the [ultimate] denial of his request for youthful offender status' "

(*People v Lyons*, 86 AD3d 930, 931 [2011], *lv denied* 17 NY3d 954 [2011]; *see Harris*, 77 AD3d 1326), as well as his contention concerning the severity of the sentence (*see Lopez*, 6 NY3d at 255-256; *Lyons*, 86 AD3d at 931). Present—Centra, J.P., Peradotto, Sconiers and Martoche, JJ.