# SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**793**

**KA 10-02305**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

DERRELL M. JONES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered November 15, 2010. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]). We reject defendant's contention that he did not knowingly, voluntarily and intelligently waive his right to appeal. Contrary to defendant's contention, County Court "engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Wright*, 66 AD3d 1334, *lv denied* 13 NY3d 912 [internal quotation marks omitted]). Further, the record as a whole, including the written waiver of the right to appeal, establishes "that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256; *see People v Kulyeshie*, 71 AD3d 1478, 1478-1479, *lv denied* 14 NY3d 889).

Defendant's valid waiver of the right to appeal encompasses his contention that the court abused its discretion in denying his request for youthful offender status (*see People v Elshabazz*, 81 AD3d 1429, 1429, *lv denied* 16 NY3d 858; *People v Kearns*, 50 AD3d 1514, 1515, *lv denied* 11 NY3d 790), as well as his challenge to the severity of the sentence (*see Lopez*, 6 NY3d at 256).

Entered: June 15, 2012                          Frances E. Cafarell
                                                Clerk of the Court