# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1324

KA 11-02185

PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JIBRIL A. BURT, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered September 29, 2011. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that his waiver of the right to appeal is unenforceable and that he should have been afforded youthful offender treatment. We reject those contentions. Defendant waived his right to appeal both orally and in writing, and the record demonstrates that County Court " 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Glasper*, 46 AD3d 1401, 1401, *lv denied* 10 NY3d 863; *see People v Korber*, 89 AD3d 1543, 1543, *lv denied* 19 NY3d 864). Further, "the record as a whole, including the written waiver of the right to appeal, establishes 'that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Jones*, 96 AD3d 1637, 1637, *lv denied* 19 NY3d 1103). Defendant's valid waiver of the right to appeal encompasses his contention that he should have been afforded youthful offender treatment (*see People v Rush*, 94 AD3d 1449, 1449-1450, *lv denied* 19 NY3d 967). Finally, there is no merit to defendant's contention that the court failed to rule on his request for such treatment inasmuch as the court's comments at sentencing establish that the request was denied.

Entered:  December 28, 2012                          Frances E. Cafarell
                                                     Clerk of the Court