■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY RUMSEY, Appellant. [963 NYS2d 909]—

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered March 3, 2010. The judgment convicted defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [iii]) and driving while intoxicated (§ 1192 [3]). Contrary to the contention of defendant, we conclude that his responses during the plea colloquy and his execution of a written waiver of the right to appeal establish that he intelligently, knowingly, and voluntarily waived his right to appeal (see People v Kulyeshie, 71 AD3d 1478, 1478-1479 [2010], lv denied 14 NY3d 889 [2010]; People v Griner, 50 AD3d 1557, 1558 [2008], lv denied 11 NY3d 737 [2008]; see generally People v Lopez, 6 NY3d 248, 256 [2006]). Defendant's contention that he was denied effective assistance of counsel does not survive his plea or his valid waiver of the right to appeal because he "failed to demonstrate that 'the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (People v Wright, 66 AD3d 1334 [2009], lv denied 13 NY3d 912 [2009]; see People v Rizek [appeal No. 1], 64 AD3d 1180, 1180 [2009], lv denied 13 NY3d 862 [2009]). Present—Smith, J.P., Peradotto, Lindley, Valentino and Whalen, JJ.