# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**741**

**KA 13-00882**

PRESENT: SMITH, J.P., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

THOMAS E. MCGREW, JR., DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered April 25, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted course of sexual conduct against a child in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted course of sexual conduct against a child in the second degree (Penal Law §§ 110.00, 130.80 [1] [a]), defendant contends that his waiver of the right to appeal was invalid because it was not knowing, voluntary and intelligent, and that County Court abused its discretion in denying his request to adjudicate him a youthful offender.

Initially, we reject the People's contention that defendant was required to preserve for our review his challenge to the voluntariness of his waiver of the right to appeal (*see People v Lopez*, 52 AD3d 852, 853; *People v Hoover*, 37 AD3d 298, 299-300). Contrary to defendant's contention, however, the record establishes that his waiver was valid. Defendant waived his right to appeal both orally and in writing before pleading guilty, and the court conducted " 'an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Glasper*, 46 AD3d 1401, 1401, *lv denied* 10 NY3d 863; *see People v Korber*, 89 AD3d 1543, 1543, *lv denied* 19 NY3d 864). Moreover, the record demonstrates that " 'defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Jones*, 96 AD3d 1637, 1637, *lv denied* 19 NY3d 1103). Defendant's valid waiver of the right to appeal encompasses his contention that the court abused its discretion in denying his request for youthful

offender status (*see People v Johnson*, 111 AD3d 1391, 1391; *People v Rush*, 94 AD3d 1449, 1449-1450, *lv denied* 19 NY3d 967; *People v Farewell*, 90 AD3d 1502, 1502, *lv denied* 18 NY3d 957).