# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

818

KA 13-00865

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

MELISSA COTTON, DEFENDANT-APPELLANT.

---

NANCY J. BIZUB, BUFFALO, FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (MARSHALL A. KELLY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered January 10, 2013. The judgment convicted defendant, upon her plea of guilty, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that her waiver of the right to appeal is invalid because it was not knowingly, voluntarily, and intelligently entered. The record demonstrates, however, that County Court engaged defendant "in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Burt*, 101 AD3d 1729, 1730, *lv denied* 20 NY3d 1060 [internal quotation marks omitted]), and that, during the plea colloquy, the court properly described " 'the nature of the right being waived without lumping that right into the panoply of trial rights automatically forfeited upon pleading guilty' " (*People v Tabb*, 81 AD3d 1322, 1322, *lv denied* 16 NY3d 900, quoting *People v Lopez*, 6 NY3d 248, 257; *see People v Harris*, 94 AD3d 1484, 1485, *lv denied* 19 NY3d 961). Defendant also signed a written waiver of the right to appeal (*see People v Pulley*, 107 AD3d 1560, 1561, *lv denied* 21 NY3d 1076). We conclude that defendant's "responses during the plea colloquy and [her] execution of a written waiver of the right to appeal establish that [s]he intelligently, knowingly, and voluntarily waived [her] right to appeal" (*People v Rumsey*, 105 AD3d 1448, 1449, *lv denied* 21 NY3d 1019; *see generally Lopez*, 6 NY3d at 256), and that valid waiver forecloses any challenge by defendant to the severity of her sentence (*see Lopez*, 6 NY3d at 256; *People v Hidalgo*, 91 NY2d 733, 737; *People v Washington*, 117 AD3d 1416, 1416).

Finally, defendant's contention that she was denied effective

assistance of counsel does not survive her plea or her valid waiver of the right to appeal inasmuch as defendant "failed to demonstrate that 'the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [her] attorney['s] allegedly poor performance' " (*People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912; *see People v Rizek* [appeal No. 1], 64 AD3d 1180, 1180, *lv denied* 13 NY3d 862).

Entered:  July 11, 2014                                    Frances E. Cafarell
                                                          Clerk of the Court