# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1313

KA 13-00951

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

ARCIDES DIEGUEZ-CASTILLO, ALSO KNOWN AS ARCIDES
CASTILLO DIEGUEZ, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR
DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P.
Punch, J.), rendered March 18, 2013. The judgment convicted
defendant, upon his plea of guilty, of attempted criminal sale of a
controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his
plea of guilty, of attempted criminal sale of a controlled substance
in the third degree (Penal Law §§ 110.00, 220.39 [1]), defendant
contends that his waiver of the right to appeal is unenforceable, and
that his sentence is unduly harsh and severe. Even assuming,
arguendo, that defendant did not voluntarily waive his right to
appeal, we perceive no basis to modify the sentence, which was
consistent with County Court's sentence promise. We note that
defendant has four felony drug convictions and is an admitted gang
member who refused to cooperate with the authorities upon arrest. We
also note that defendant was sentenced to far less than the maximum
sentence permitted by law, notwithstanding the strength of the
People's evidence against him. We reject defendant's further
contention that the court erred in ordering him to pay $280 in
restitution without conducting a hearing inasmuch as defendant
"expressly waived his right to a hearing and agreed to the amount of
restitution at sentencing" (*People v Farewell*, 90 AD3d 1502, 1503, *lv
denied* 18 NY3d 957).

Finally, defendant contends that his plea was involuntarily
entered because the court did not clearly explain to him during the
plea colloquy that he could be sentenced consecutively on drug charges
that were then pending in Monroe County. Although defendant's

contention that his plea was involuntary would survive even a valid waiver of the right to appeal (*see People v Jackson*, 85 AD3d 1697, 1698, *lv denied* 17 NY3d 817; *People v Dunham*, 83 AD3d 1423, 1424, *lv denied* 17 NY3d 794), he failed to preserve that contention for our review by failing to move to withdraw the plea or to vacate the judgment of conviction (*see People v Cubi*, 104 AD3d 1225, 1226, *lv denied* 21 NY3d 1003; *People v Sherman*, 8 AD3d 1026, 1026, *lv denied* 3 NY3d 681).  Moreover, the "narrow" exception to the preservation requirement recognized in *People v Lopez* (71 NY2d 662, 666) does not apply because "defendant's recitation of the facts underlying the crime pleaded to [did not] clearly cast[] significant doubt upon the defendant's guilt or otherwise call[] into question the voluntariness of the plea."  We note in any event that defendant does not assert that he was in fact sentenced consecutively on the Monroe County charges.

Entered:  January 2, 2015                        Frances E. Cafarell
                                                 Clerk of the Court