■ The People of the State of New York, Respondent, v Michael J. Tyo, Appellant. [31 NYS3d 732]—

Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered May 5, 2014. The judgment convicted defendant, upon his plea of guilty, of forgery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convict-

ing him upon his plea of guilty of forgery in the second degree (Penal Law § 170.10 [1]). Contrary to defendant's contention, we conclude that he knowingly, intelligently, and voluntarily waived his right to appeal as a condition of the plea (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]). "County Court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v James*, 71 AD3d 1465, 1465 [2010] [internal quotation marks omitted]), and the record establishes that he "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Lopez*, 6 NY3d at 256). Defendant's contention with respect to the factual sufficiency of the plea allocution is encompassed by the valid appeal waiver (*see People v Thousand*, 96 AD3d 1439, 1439-1440 [2012], *lv denied* 19 NY3d 1002 [2012]).

We conclude that defendant's plea was knowing, voluntary, and intelligent notwithstanding his erratic behavior at a previous hearing. Nothing on the record of the plea proceeding indicates that defendant lacked the capacity to plead guilty (*see People v Hayes*, 39 AD3d 1173, 1175 [2007], *lv denied* 9 NY3d 923 [2007]). We reject defendant's contention that the court sua sponte was required to conduct a hearing to assess his competency to proceed with the criminal action (*see* CPL 730.30 [2]). Defense counsel did not request a hearing, and the court was entitled to rely on its own observations and the reports of two psychiatric examiners, both of whom found defendant competent (*see People v Cipollina*, 94 AD3d 1549, 1549-1550 [2012], *lv denied* 19 NY3d 971 [2012]). Contrary to defendant's further contention, the record establishes that he entered a valid waiver of indictment (*see People v Lugg*, 108 AD3d 1074, 1074-1075 [2013]).

Defendant's contention that the court erred in failing to redact his presentence report is not preserved for our review. Although defendant noted various alleged errors in the presentence report at the time of sentencing, he did not move to redact the report or request that the court conduct a hearing concerning its accuracy (*see People v Jones*, 114 AD3d 1239, 1242 [2014], *lv denied* 23 NY3d 1038 [2014], *reconsideration denied* 25 NY3d 1166 [2015]; *People v Keiser*, 100 AD3d 927, 929 [2012], *lv denied* 20 NY3d 1062 [2013]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

We reject defendant's additional contention that the court abused its discretion in declining to order judicial diversion

instead of incarceration (*see People v Hines*, 132 AD3d 1385, 1385 [2015], *lv denied* 26 NY3d 1109 [2016]). The court properly considered the threat defendant posed to the public and whether further treatment would likely be successful (*see People v Landry*, 132 AD3d 1351, 1352 [2015], *lv denied* 26 NY3d 1089 [2015]).

Finally, defendant's contention that the sentence is unduly harsh and severe is not encompassed by his valid waiver of the right to appeal inasmuch as the court enhanced defendant's sentence because of postplea conduct and failed to advise defendant prior to his waiver " 'of the potential period of incarceration that could be imposed' for an enhanced sentence" (*see People v Huggins*, 45 AD3d 1380-1381 [2007], *lv denied* 9 NY3d 1006 [2007]; *cf. People v Jackson*, 34 AD3d 1318 [2006], *lv denied* 8 NY3d 923 [2007]). We conclude, however, that the sentence is not unduly harsh or severe. Present—Smith, J.P., Carni, DeJoseph, Curran and Troutman, JJ.