# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**963**

**KA 14-01490**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                MEMORANDUM AND ORDER

DONALD BRIDGES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DANIELLE E. SMITH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered August 4, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sexual act in the first degree (Penal Law § 130.50 [3]), sexual abuse in the first degree (§ 130.65 [3]), and endangering the welfare of a child (§ 260.10 [1]). Contrary to defendant's contention, County Court engaged him in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v James*, 71 AD3d 1465, 1465 [internal quotation marks omitted]; *see People v Tyo*, 140 AD3d 1697, 1698), and the waiver "was not rendered invalid based on the court's failure to require defendant to articulate the waiver in his own words" (*People v Dozier*, 59 AD3d 987, 987, *lv denied* 12 NY3d 815; *see People v Gast*, 114 AD3d 1270, 1270, *lv denied* 22 NY3d 1198). Contrary to defendant's further contention, the record establishes that the waiver of the right to appeal was " 'intended comprehensively to cover all aspects of the case' " (*People v Fisher*, 94 AD3d 1435, 1435, *lv denied* 19 NY3d 973). Defendant's waiver encompasses his challenges to the suppression ruling (*see People v Sanders*, 25 NY3d 337, 342; *People v Kemp*, 94 NY2d 831, 833), and to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 256).

Entered: November 10, 2016               Frances E. Cafarell
                                           Clerk of the Court