# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**7**

**KA 15-01193**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

MONROE BIBBS, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered February 11, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]). We reject defendant's contention that the waiver of the right to appeal is invalid. We conclude that "[Supreme] Court did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea" (*People v Bentley*, 63 AD3d 1624, 1625, *lv denied* 13 NY3d 742; *see People v Bradshaw*, 18 NY3d 257, 264; *People v Lopez*, 6 NY3d 248, 256), and that the court engaged defendant "in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Burt*, 101 AD3d 1729, 1730, *lv denied* 20 NY3d 1060 [internal quotation marks omitted]).

Defendant's contention that the court erred in denying his motion to withdraw the plea survives his valid waiver of the right to appeal (*see People v Montgomery*, 63 AD3d 1635, 1635-1636, *lv denied* 13 NY3d 798), but we conclude that the court properly denied that motion. "The decision to permit a defendant to withdraw a guilty plea rests in the sound discretion of the court" (*People v Smith*, 122 AD3d 1300, 1301-1302, *lv denied* 25 NY3d 1172 [internal quotation marks omitted]; *see People v Frederick*, 45 NY2d 520, 524-525). Here, defendant's claims of coercion are belied by his statements during the plea colloquy (*see People v Merritt*, 115 AD3d 1250, 1251), and we conclude that the guilty plea was knowingly, voluntarily, and intelligently entered (*see People v Fiumefreddo*, 82 NY2d 536, 543). To the extent

that defendant's contention that he was denied effective assistance of counsel when counsel failed to seek an adjournment of the trial and warned defendant that he faced the maximum sentence if convicted after trial survives his guilty plea and valid waiver of the right to appeal (*see People v Strickland*, 103 AD3d 1178, 1178), we conclude that his contention lacks merit (*see People v Mann*, 32 AD3d 865, 866, *lv denied* 8 NY3d 847).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court