People v Jimenez (2019 NY Slip Op 08063)





People v Jimenez


2019 NY Slip Op 08063


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1021 KA 17-01347

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JONATHAN JIMENEZ, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN P. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered May 30, 2017. The judgment convicted defendant upon his plea of guilty of attempted arson in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted arson in the second degree (Penal Law
§§ 110.00, 150.15), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. The colloquy established that defendant knowingly, intelligently, and voluntarily waived his right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]; People v Ripley, 94 AD3d 1554, 1554 [4th Dept 2012], lv denied 19 NY3d 976 [2012]; People v Richards, 93 AD3d 1240, 1240 [4th Dept 2012], lv denied 20 NY3d 1014 [2013]), and the record belies his contention that, although aided by an interpreter, he was unable to understand the proceedings (see generally People v Brown, 151 AD3d 1951, 1952 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]). Defendant's valid waiver of the right to appeal forecloses his challenge to the severity of his sentence (see People v Carr, 147 AD3d 1506, 1506 [4th Dept 2017], lv denied 29 NY3d 1030 [2017]; People v Bryan, 78 AD3d 1692, 1693 [4th Dept 2010], lv denied 16 NY3d 829 [2011]).
Defendant failed to preserve for our review his further contention that his plea was not voluntarily, knowingly, or intelligently entered inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction pursuant to CPL article 440 (see People v Sheppard, 149 AD3d 1569, 1569 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]; People v Nieves, 299 AD2d 888, 888-889 [4th Dept 2002], lv denied 99 NY2d 631 [2003]). Contrary to defendant's contention, this case does not fall within the rare exception to the preservation doctrine inasmuch as defendant made no statement during the plea colloquy or at sentencing that "cast[] significant doubt upon [his] guilt or otherwise call[ed] into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]; see People v Stutzman, 158 AD3d 1294, 1295 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]). To the extent that defendant concedes that he did not make such a statement and instead contends that County Court erred in failing sua sponte to inquire into a possible defense to the crime, that contention is "actually a challenge to the factual sufficiency of the plea allocution, and it is well settled that defendant's valid waiver of the right to appeal encompasses that challenge" (People v Arney, 120 AD3d 949, 949-950 [4th Dept 2014]; see People v Zimmerman, 100 AD3d 1360, 1361 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court