People v Jenkins (2020 NY Slip Op 00699)





People v Jenkins


2020 NY Slip Op 00699


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


42 KA 17-01532

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RESHEENA JENKINS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered September 28, 2016. The judgment convicted defendant upon her plea of guilty of riot in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her upon her plea of guilty of riot in the first degree (Penal Law § 240.06 [1]) and, in appeal No. 2, she appeals from a judgment convicting her upon her plea of guilty of assault in the second degree (§ 120.05 [3]). Both pleas were taken during one plea proceeding. We reject defendant's contention in both appeals that County Court erred in denying her motion to withdraw her guilty pleas. Initially, we agree with defendant that her contention that she did not enter the pleas knowingly, intelligently, and voluntarily survives the waiver of the right to appeal (see People v Jackson, 163 AD3d 1273, 1274 [3d Dept 2018], lv denied 32 NY3d 1065 [2018]; People v Bibbs, 147 AD3d 1301, 1301-1302 [4th Dept 2017]; People v Fuller, 124 AD3d 1394, 1394-1395 [4th Dept 2015], lv denied 25 NY3d 989 [2015]). We conclude, however, that the court did not abuse its discretion in denying the motion (see Bibbs, 147 AD3d at 1301-1302; People v Dale, 142 AD3d 1287, 1289 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]). Defendant's contention that she did not understand the plea proceeding and did not understand that she had other options aside from pleading guilty are belied by her statements during the plea proceeding (see People v Gast, 114 AD3d 1270, 1271 [4th Dept 2014], lv denied 22 NY3d 1198 [2014]; People v Thomas, 72 AD3d 1483, 1484 [4th Dept 2010]).
Contrary to defendant's further contention, the court did not abuse its discretion in denying the motion without a hearing. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances . . . [O]ften[,] a limited interrogation by the court will suffice" (People v Manor, 27 NY3d 1012, 1013-1014 [2016] [internal quotation marks omitted]; see People v Walker, 114 AD3d 1257, 1258 [4th Dept 2014], lv denied 23 NY3d 1044 [2014]). Here, the court allowed defendant an opportunity to present her contentions, and the court was able to make an informed determination without holding a hearing (see People v Zimmerman, 100 AD3d 1360, 1362 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]; People v Buske, 87 AD3d 1354, 1355 [4th Dept 2011], lv denied 18 NY3d 882 [2012]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court