■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CLOYD, Appellant. [910 NYS2d 832]—

Appeal from a judgment of the Yates County Court (W. Pat-

rick Falvey, J.), rendered September 1, 2009. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [3]). Although the contention of defendant that his guilty plea was not knowing, voluntary and intelligent survives his valid waiver of the right to appeal, defendant failed to preserve that contention for our review by moving to withdraw his plea or to vacate the judgment of conviction (*see People v King*, 20 AD3d 907 [2005], *lv denied* 5 NY3d 829 [2005]). Contrary to defendant's contention, this case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666 [1988]). Even assuming, arguendo, that defendant's factual allocution at the initial plea proceeding may have negated an essential element of the crime, we conclude that County Court rectified any deficiency in the allocution by conducting the requisite further inquiry when defendant appeared before the court a second time in connection with the plea. During that second appearance, the court ensured that defendant understood the nature of the charges and that the plea was intelligently entered (*see id.*), based on the admissions of defendant that he had sexual contact with a child less than 11 years old, that he touched the victim in her "sexual area," and that he did so for the purpose of sexual gratification (*see* Penal Law § 130.00 [3]; § 130.65 [3]).

To the extent that the contention of defendant concerning ineffective assistance of counsel survives his guilty plea and his waiver of the right to appeal (*see People v Nichols*, 32 AD3d 1316 [2006], *lv denied* 8 NY3d 848 [2007], *reconsideration denied* 8 NY3d 988 [2007]; *People v Fifield*, 24 AD3d 1221, 1222 [2005], *lv denied* 6 NY3d 775 [2006]), we conclude that defendant's contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Present—Smith, J.P., Peradotto, Carni, Sconiers and Gorski, JJ.