# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**29**
**KA 09-01440**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

WILLIAM J. COKE, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. COKE, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered April 25, 2002. The judgment convicted defendant, upon his plea of guilty, of sodomy in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sodomy in the third degree (Penal Law former § 130.40 [2]). We reject the contention of defendant that his waiver of the right to appeal was invalid. County Court "made clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof, and the record reflects that defendant understood that the waiver of the right to appeal was 'separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Graham*, 77 AD3d 1439, 1439, quoting *People v Lopez*, 6 NY3d 248, 256). Defendant's challenge to the severity of the sentence is encompassed by the valid waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737). To the extent that the contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel survives the plea and the waiver of the right to appeal (*see People v Cloyd*, 78 AD3d 1669; *People v Pratt*, 77 AD3d 1337), we conclude that his contention is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404). We have reviewed the remaining contentions of defendant in his pro se supplemental brief and conclude that they are also without merit.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court