# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

852

KA 11-00684

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

ADAM THEALL, DEFENDANT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered November 18, 2010. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]), defendant contends, inter alia, that his waiver of the right to appeal is invalid and that his plea was not knowingly, voluntarily or intelligently entered because the factual allocution negated his intent to kill, which is an essential element of the crime to which he pleaded guilty. It is well settled that a contention that a guilty plea is not knowing, voluntary and intelligent survives a valid waiver of the right to appeal (*see People v Cloyd*, 78 AD3d 1669, 1670, *lv denied* 16 NY3d 857; *People v Trinidad*, 23 AD3d 1060, 1061, *lv denied* 6 NY3d 760; *see generally People v Seaberg*, 74 NY2d 1, 10). Defendant, however, "failed to preserve that contention for our review by moving to withdraw the plea or to vacate the judgment of conviction" (*Trinidad*, 23 AD3d at 1061; *see Cloyd*, 78 AD3d at 1670). "Contrary to defendant's contention, this case does not fall within the rare exception to the preservation rule" (*Trinidad*, 23 AD3d at 1061; *see generally People v Lopez*, 71 NY2d 662, 666). "Although the initial statements of defendant during the factual allocution may have negated the essential element of his intent to cause death, his further statements removed any doubt regarding that intent" (*Trinidad*, 23 AD3d at 1061; *see Cloyd*, 78 AD3d at 1670). In any event, County Court "conducted the requisite further inquiry to ensure that defendant understood the nature of the charge and that the plea was intelligently entered" (*People v Glasper*, 46 AD3d 1401, 1402, *lv denied* 10 NY3d 863).

Even assuming, arguendo, that the waiver of the right to appeal is invalid (*see People v Keiser*, 100 AD3d 927, 928, *lv denied* 20 NY3d 1062; *see also People v Bradshaw*, 76 AD3d 566, 569, *affd* 18 NY3d 257), we would nevertheless reject defendant's contention that the sentence is unduly harsh or severe.

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court