# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

316

KA 10-01030

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LATASHA D. BRIGGS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Stephen T. Miller, A.J.), rendered March 19, 2010. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that her plea was not knowingly, voluntarily, and intelligently entered. According to defendant, her equivocal responses during the plea colloquy negated her intent to sell, which is an essential element of the crime to which she pleaded guilty, and the court failed to conduct the requisite further inquiry to ensure that the plea was knowing, voluntary and intelligent. We note at the outset that defendant's waiver of the right to appeal is invalid and thus does not encompass her contention (*see People v McCoy*, 107 AD3d 1454, 1454-1455, *lv denied 22* NY3d 957). Although the record establishes that defendant executed a written waiver and County Court ensured that defendant had signed that written waiver voluntarily, the court's "failure to make any inquiry on the record as to whether the defendant understood the implication of the appellate rights [s]he was waiving renders the waiver invalid" (*People v Grant*, 83 AD3d 862, 862-863, *lv denied* 17 NY3d 795; *see McCoy*, 107 AD3d at 1454; *see generally People v Bradshaw*, 18 NY3d 257, 264-267). Nevertheless, defendant failed to preserve her contention for our review by moving to withdraw the plea or to vacate the judgment of conviction (*see People v Theall*, 109 AD3d 1107, 1108). This case does not fall within the rare exception to the preservation rule set forth in *People v Lopez* (71 NY2d 662, 666) because, " '[a]lthough the initial statements of defendant during the

factual allocution may have negated the essential element of h[er] intent to [sell], h[er] further statements removed any doubt regarding that intent' " (*Theall*, 109 AD3d at 1108).  In any event, the record establishes that the court conducted a " 'further inquiry to ensure that defendant understood the nature of the charge and that the plea was intelligently entered' " (*id.*).

Entered:  March 21, 2014                              Frances E. Cafarell
                                                      Clerk of the Court