# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

253

KA 13-00197

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

THOMAS J. DEMARCO, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

-----------------------------------------------------------------------------

Appeal from a judgment of the Cattaraugus County Court (William H. Mountain, III, A.J.), rendered November 26, 2012. The judgment convicted defendant, upon his plea of guilty, of assault in the third degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, assault in the third degree (Penal Law § 120.00 [2]), defendant contends that his plea was not knowingly, voluntarily or intelligently entered because the factual allocution negated the mental state of recklessness, which is an essential element of the crime of assault in the third degree. Although that contention survives defendant's valid waiver of the right to appeal (see People v Theall, 109 AD3d 1107, 1107-1108), defendant failed to preserve it for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction (see id. at 1108; People v Rossborough, 101 AD3d 1775, 1776; People v Russell, 55 AD3d 1314, 1314-1315, lv denied 11 NY3d 930). In any event, even assuming, arguendo, that defendant's initial statements during the plea colloquy negated the requisite mens rea and that defendant's contention is properly before us (see People v Lopez, 71 NY2d 662, 666), we conclude that his subsequent statements removed any doubt with respect thereto, and defendant did not make any further protestations of innocence (see Theall, 109 AD3d at 1108; People v Gardner, 101 AD3d 1634, 1634-1635; People v Trinidad, 23 AD3d 1060, 1061, lv denied 6 NY3d 760).

Entered: May 9, 2014                          Frances E. Cafarell
                                              Clerk of the Court