# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**415**

**KA 11-00213**

PRESENT: SMITH, J.P., LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LEON R. WOODS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

LEON R. WOODS, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered September 3, 2010. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]), defendant contends in his pro se supplemental brief that his waiver of the right to appeal is not valid. We reject that contention. Defendant's "responses during the plea colloquy and his execution of a written waiver of the right to appeal establish that he intelligently, knowingly and voluntarily waived his right to appeal" (*People v Rumsey*, 105 AD3d 1448, 1449, *lv denied* 21 NY3d 1019). Contrary to defendant's contention, the record establishes that he " 'understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Jones*, 96 AD3d 1637, 1637, *lv denied* 19 NY3d 1103, quoting *People v Lopez*, 6 NY3d 248, 256).

Defendant's contention in his main brief that his plea was not knowingly, voluntarily and intelligently entered survives his valid waiver of the right to appeal (*see People v Theall*, 109 AD3d 1107, 1107-1108, *lv denied* 22 NY3d 1159), but defendant failed to preserve that contention for our review by moving to withdraw his plea or to vacate the judgment of conviction (*see People v Guantero*, 100 AD3d 1386, 1387, *lv denied* 21 NY3d 1004; *People v McKeon*, 78 AD3d 1617, 1618, *lv denied* 16 NY3d 799). Contrary to defendant's contention, "[t]his is not one of those rare cases 'where the defendant's

recitation of the facts underlying the crime[] pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea[]' to obviate the preservation requirement" (*People v Rodriguez*, 17 AD3d 1127, 1129, *lv denied* 5 NY3d 768, quoting *People v Lopez*, 71 NY2d 662, 666). "Although the initial statements of defendant during the factual allocution may have negated the essential element of his intent to cause [serious physical injury], his further statements removed any doubt regarding that intent" (*People v Trinidad*, 23 AD3d 1060, 1061, *lv denied* 6 NY3d 760; *see Theall*, 109 AD3d at 1108).

Defendant's further contention in his pro se supplemental brief that he was denied effective assistance of counsel "does not survive the plea or the waiver by defendant of the right to appeal because defendant failed to demonstrate that 'the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (*People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912).  Finally, although defendant's valid waiver of the right to appeal does not encompass his challenge in his pro se supplemental brief to the severity of his sentence inasmuch as County Court "failed to advise defendant of the potential periods of incarceration or the potential maximum term of incarceration" (*People v Kelly*, 96 AD3d 1700, 1700), that challenge lacks merit.

Entered:  March 27, 2015                          Frances E. Cafarell
                                                  Clerk of the Court