People v Harmon (2018 NY Slip Op 01815)





People v Harmon


2018 NY Slip Op 01815


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND TROUTMAN, JJ.


388 KA 13-02025

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID D. HARMON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered October 1, 2013. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree. 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed (see People v Haywood, 203 AD2d 966, 966 [4th Dept 1994], lv denied 83 NY2d 967 [1994]), and the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law
§ 120.10 [1]) arising from an incident where defendant repeatedly stabbed the victim after an argument during which the victim spat in his face. Defendant contends that his plea was not knowingly, voluntarily and intelligently entered because Supreme Court should have confirmed that defendant was aware of and waiving any potential defenses based on his mental health and mental state at the time of the crime. Defendant failed to move to withdraw the plea or to vacate the judgment of conviction on that ground and thus failed to preserve his contention for our review (see People v Briggs, 115 AD3d 1245, 1246 [4th Dept 2014], lv denied 23 NY3d 1018 [2014]). This case does not fall within the rare exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]). To the extent that defendant contends that his statement during the plea colloquy that he "lost it" before stabbing the victim casts significant doubt upon his guilt, the record shows that the court conducted a further inquiry to ensure that defendant's plea was knowing and voluntary, i.e., the court ensured that defendant knew what he was doing at the time, that he was aware that he had possession of the knife, and that he intentionally stabbed the victim (see Briggs, 115 AD3d at 1246). To the extent that defendant relies on defense counsel's comments at sentencing regarding defendant's mental health, we conclude that the court had no duty to conduct a further inquiry based on those comments (see People v Vogt, 150 AD3d 1704, 1705 [4th Dept 2017]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court