People v Wilkes (2018 NY Slip Op 03047)





People v Wilkes


2018 NY Slip Op 03047


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


601 KA 17-00695

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ADIFAH WILKES, DEFENDANT-APPELLANT. 






MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered March 15, 2017. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon her plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that her plea was not knowingly, voluntarily or intelligently entered because the factual allocution negated an essential element of the crime to which she pleaded guilty. Defendant "failed to preserve that contention for our review by moving to withdraw [the] plea or to vacate the judgment of conviction" (People v Cloyd, 78 AD3d 1669, 1670 [4th Dept 2010], lv denied 16 NY3d 857 [2011]; see People v Trinidad, 23 AD3d 1060, 1061 [4th Dept 2005], lv denied 6 NY3d 760 [2005]). Contrary to defendant's contention, this case does not fall within the "rare exception to the preservation rule" (Trinidad, 23 AD3d at 1061; see People v Lopez, 71 NY2d 662, 666 [1988]). Although defendant initially stated that the gun was unloaded at the time she pointed it at the victim, she subsequently acknowledged that she possessed both the gun and the ammunition (see § 265.00 [15]; see generally People v Wilson, 252 AD2d 241, 245 [4th Dept 1998]), and thus her factual allocution did not negate an essential element of the crime. In any event, we note that County Court conducted "further inquiry to ensure that defendant understood the nature of the charge and that the plea was intelligently entered" (People v Glasper, 46 AD3d 1401, 1402 [4th
Dept 2007], lv denied 10 NY3d 863 [2008]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court