■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON LOGAN, Appellant.—Appeal by the defendant from an amended judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered January 23, 1990, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of an indeterminate term of 1¾ to 5¼ years imprisonment and payment of $40 in restitution to the office of the District Attorney, Orange County,

upon his conviction of criminal sale of a controlled substance in the fifth degree, after a plea of guilty.

Ordered that the amended judgment is modified, on the law, by deleting the provision thereof which directed the defendant to pay $40 in restitution; as so modified, the judgment is affirmed.

The defendant's appellate counsel has filed an *Anders* brief *(see, Anders v California,* 386 US 738). We have reviewed the record and agree with counsel that, with the exception of the restitution directive, there are no nonfrivolous issues which may be raised on appeal.

The imposition of restitution was clearly improper as, at the time of sentencing, the District Attorney's office was not deemed a "victim" of a crime pursuant to Penal Law § 60.27, to whom restitution might be made *(see, People v Rowe,* 75 NY2d 948). In this regard, we note that Penal Law § 60.27 has been amended effective November 1, 1991, to authorize restitution to law enforcement agencies for unrecovered funds utilized to purchase narcotics as part of investigations leading to convictions *(see,* Penal Law § 60.27 [9]).

Rather than wasting precious resources by, *inter alia,* assigning new counsel to assert this issue, we have modified the judgment to the extent indicated *(see, People v Davis,* 182 AD2d 635) and counsel's application for leave to withdraw is granted *(see, Anders v California, supra).* Mangano, P. J., Balletta, Eiber, Pizzuto and Santucci, JJ., concur.