■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN TRACEY, Appellant. [633 NYS2d 645] —Spain, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered August 16, 1994, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In September 1993, defendant was indicted and charged with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree for selling cocaine to undercover law enforcement agents on two separate occasions. Defendant ultimately pleaded guilty to one count of criminal sale of controlled substance in the third degree. Defendant was sentenced as a second felony offender to 5 to 10 years in prison and this appeal ensued.

Initially, insofar as the record discloses that defendant entered into a knowing and voluntary waiver of his right to appeal in connection with the plea agreement (see, *People v Muniz*, 215 AD2d 881, 883), we find no merit to defendant's contention that this waiver should be given no effect. In any event, although defendant now challenges the restitution ordered to reimburse funds expended in the "buy and bust" operation leading to his conviction, we note that defendant expressly agreed to this amount (see, *People v Serafini*, 213 AD2d 1066, *lv denied* 85 NY2d 980). Further, we find no reason to conclude that the subject order of restitution pursuant to Penal Law § 60.27 (9) was illegal simply because it was the District Attorney's office that originally provided the funds that were expended by the law enforcement personnel involved in the undercover operation. In our view the legislative purpose of "prevent[ing] convicted narcotics offenders from reaping a windfall" (Mem of Senate Sponsor, L 1991, ch 545, 1991 NY Legis Ann, at 300) was fulfilled in this case. Finally, we have examined defendant's claim that his negotiated sentence is harsh and excessive and find no reason to disturb the sentence imposed by County Court (see, *People v Martin*, 215 AD2d 942, 942-943).

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.