■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT FORD, Appellant. [666 NYS2d 947] —Appeal by the defen-

dant from a judgment of the County Court, Nassau County (Cotter, J.), rendered March 18, 1997, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the court erred in denying his motion to vacate his plea of guilty. The record clearly establishes that the defendant knowingly, intelligently, and voluntarily pleaded guilty (see, People v Harris, 61 NY2d 9), and his claim that he did not have sufficient time to consult with counsel before pleading guilty is contradicted by the record (see, People v Breeden, 221 AD2d 352).

The defendant's contentions concerning his sentence are also without merit. Since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter imposed, he has no basis to now complain that his sentence was excessive (see, People v Kazepis, 101 AD2d 816). We reject the defendant's claim that the court's imposition of "restitution in the form of the forfeiture agreement of $145" was illegal. To the extent that the court required the defendant to make restitution of the $20 used by an undercover police officer to purchase the controlled substance from the defendant, it is clearly permissible (see, Penal Law § 60.27 [9]; People v Tracey, 221 AD2d 738; People v Dubner, 186 AD2d 580). Moreover, it is clear that the remainder of the payment was a civil forfeiture which the defendant had agreed to pay as a condition of his plea agreement (see, People v Concepcion, 188 AD2d 483). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.