■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER N. BOLSTER, Appellant. [698 NYS2d 178] —Judgment unanimously affirmed. Memorandum: There is no support in the record for the contention of defendant that his plea of guilty to one count of one indictment was conditioned upon County Court's dismissal of another pending indictment. The record establishes that defendant pleaded guilty to the lesser included offense of burglary in the third degree under indictment No. 96-209 in satisfaction of the remaining counts of that indictment and indictment No. 96-198 (*see,* CPL 220.30 [3] [a] [i]). The contention of defendant that he was denied effective assistance of counsel at sentencing is without merit. Defendant was sentenced in accordance with the plea agreement, and any al-

leged deficiencies in defense counsel's representation at sentencing do not constitute ineffective assistance (*see, People v Baldi,* 54 NY2d 137, 147). Defendant's contention that the court erred in permitting the victim to make a statement at sentencing is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Oswego County Court, McCarthy, J.—Burglary, 3rd Degree.) Present—Lawton, J. P., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.