# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

172

KA 10-01480

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

KADEEM R. HARRIS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered May 17, 2010. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [2]). Contrary to defendant's contention, we conclude that he knowingly, intelligently and voluntarily waived his right to appeal as a condition of the plea (*see generally People v Lopez*, 6 NY3d 248, 256). "County Court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v James*, 71 AD3d 1465, 1465 [internal quotation marks omitted]), and the record establishes that he "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Lopez*, 6 NY3d at 256). Contrary to the further contention of defendant, his "monosyllabic affirmative responses to questioning by [the c]ourt do not render his [waiver] unknowing and involuntary" (*People v Dunham*, 83 AD3d 1423, 1424, *lv denied* 17 NY3d 794). Defendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (*see Lopez*, 6 NY3d at 255-256; *People v Gordon*, 89 AD3d 1466). Finally, to the extent that defendant's contention that he was denied effective assistance of counsel survives his guilty plea and valid waiver of the right to appeal (*see People v Jackson*, 85 AD3d 1697, 1699, *lv denied* 17 NY3d 817), we conclude that it lacks merit (*see generally People v Ford*, 86 NY2d 397, 404).

Entered: April 27, 2012                           Frances E. Cafarell
                                                  Clerk of the Court