# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

820

KA 10-01431

PRESENT: SCUDDER, P.J., CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOSEPH G. SHAFFNER, DEFENDANT-APPELLANT.

---

DOMINIC PAUL CANDINO, BUFFALO, FOR DEFENDANT-APPELLANT.

---

Appeal from a judgment of the Allegany County Court (Thomas P. Brown, J.), rendered January 13, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]). Upon "considering all the relevant facts and circumstances surrounding [defendant's] waiver" of the right to appeal, we agree with defendant that the record fails to demonstrate that the waiver was knowingly, intelligently and voluntarily entered (*People v Seaberg*, 74 NY2d 1, 11; *see People v Lopez*, 6 NY3d 248, 256). Thus, we consider the merits of his challenge to the severity of the sentence (*cf. Lopez*, 6 NY3d at 255). Contrary to defendant's contention, however, the sentence is not rendered unduly harsh or severe by the fact that his codefendant received a lesser sentence (*see People v Whitehead*, 49 AD3d 1242), or by the fact that defendant was offered a lesser sentence as part of an earlier plea bargain. The sentence otherwise is not unduly harsh or severe. To the extent that defendant's contention that he was denied effective assistance of counsel at sentencing survives his guilty plea, we conclude that it lacks merit (*see People v LaCroce*, 83 AD3d 1388, 1388, *lv denied* 17 NY3d 807). Defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404).

Entered: June 29, 2012                          Frances E. Cafarell
                                                Clerk of the Court