# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

548

KA 12-00277

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V        MEMORANDUM AND ORDER

NOAH GREGG, DEFENDANT-APPELLANT.

---

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (GREGORY A. KILBURN OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------

Appeal from a judgment of the Wyoming County Court (Michael F. Griffith, J.), rendered January 10, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [9]). To the extent that defendant's contention that he was denied effective assistance of counsel at sentencing survives his guilty plea (*see People v Shaffner*, 96 AD3d 1689, 1690), we conclude that it lacks merit. "Defendant was sentenced in accordance with the plea agreement, and any alleged deficiencies in defense counsel's representation at sentencing do not constitute ineffective assistance" (*People v Bolster*, 266 AD2d 928, 928-929, *lv denied* 94 NY2d 860; *see generally People v Baldi*, 54 NY2d 137, 147). At sentencing, just as at a trial or plea proceeding, "[a] contention of ineffective assistance . . . requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics" (*People v Rivera*, 71 NY2d 705, 708-709; *see People v Lane*, 60 NY2d 748, 749-751).

Entered: June 7, 2013        Frances E. Cafarell
                                                 Clerk of the Court