# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**954**

**KA 15-01108**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARTIN SMALLWOOD, DEFENDANT-APPELLANT.

---

JAMES S. KERNAN, PUBLIC DEFENDER, LYONS (ROBERT TUCKER OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered March 26, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of three counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). County Court imposed on defendant a determinate term of imprisonment of two years in accordance with section 70.70 because the crime herein constituted defendant's second felony drug offense, with the term of imprisonment to be followed by 1½ years of postrelease supervision. The court also directed the Department of Corrections and Community Supervision to enroll defendant in the shock incarceration program (*see* § 60.04 [7] [a]). Defendant was removed from the shock incarceration program prior to completion, finished the remainder of his determinate sentence in prison, and was subsequently released to parole supervision.

Inasmuch as defendant has completed his term of incarceration and is currently on parole, his contention that he was entitled to placement in an "alternative-to-shock-incarceration program" during incarceration is moot (Penal Law § 60.04 [7] [b] [i]; *see generally People ex rel. Dickerson v Unger*, 62 AD3d 1262, 1263, *lv denied* 12 NY3d 716), and none of the issues raised by defendant fall within the exception to the mootness doctrine (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715).

Contrary to the further contention of defendant, we conclude that

the sentence is not unduly harsh and severe.  However, we note that the certificate of conviction and the uniform sentence and commitment form should be amended because they incorrectly reflect that defendant was sentenced as a second felony offender when he was actually sentenced as a second felony drug offender (*see People v Oberdorf*, 136 AD3d 1291, 1292-1293, *lv denied* 27 NY3d 1073).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court