# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

175

KA 14-02192

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

TERRY L. HOLMES, DEFENDANT-APPELLANT.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered September 22, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). We agree with defendant that his waiver of the right to appeal is not valid inasmuch as County Court conflated the right to appeal with those rights automatically forfeited by the guilty plea (*see People v Sanborn*, 107 AD3d 1457, 1458). Thus, the record fails to establish that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256; *see People v Bradshaw*, 18 NY3d 257, 264). To the extent that defendant's contention that he was denied effective assistance of counsel at sentencing survives his guilty plea, we conclude that it lacks merit (*see People v Smith*, 144 AD3d 1547, 1548). " 'Defendant was sentenced in accordance with the plea agreement, and any alleged deficiencies in defense counsel's representation at sentencing do not constitute ineffective assistance' " (*People v Gregg*, 107 AD3d 1451, 1452; *see Smith*, 144 AD3d at 1548; *see generally People v Ford*, 86 NY2d 397, 404). We conclude that the sentence is not unduly harsh or severe, even considering that defendant's accomplice received a lesser sentence (*see People v Shaffner*, 96 AD3d 1689, 1690). We note, however, that the certificate of conviction should be amended because it incorrectly reflects that defendant was sentenced as a second felony offender when he was actually sentenced as a second felony drug

offender (*see People v Smallwood*, 145 AD3d 1447, ___; *People v Easley*, 124 AD3d 1284, 1285, *lv denied* 25 NY3d 1200).

Entered:  February 3, 2017                    Frances E. Cafarell
                                             Clerk of the Court