People v Dehoyos (2018 NY Slip Op 07898)





People v Dehoyos


2018 NY Slip Op 07898


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1145 KA 16-01985

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALEXANDER J. DEHOYOS, ALSO KNOWN AS "POPPY," DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered August 24, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). Contrary to defendant's contention, we conclude that the record establishes that his waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Ramos, 7 NY3d 737, 738 [2006]). Moreover, "[a]ny nonwaivable issues purportedly encompassed by the waiver are excluded from the scope of the waiver [and] the remainder of the waiver is valid and enforceable" (People v Weatherbee, 147 AD3d 1526, 1526 [4th Dept 2017], lv denied 29 NY3d 1038 [2017] [internal quotation marks omitted]; see People v Mead, 133 AD3d 1257, 1258 [4th Dept 2015]). Defendant's valid waiver of the right to appeal encompasses his challenge to the severity of his sentence (see People v Lopez, 6 NY3d 248, 255 [2006]). Even assuming, arguendo, that defendant's appeal waiver does not encompass his contention that the component of his sentence requiring him to pay restitution must be vacated because County Court did not require an affidavit pursuant to Penal Law § 60.27 (9), we conclude that defendant's contention is not preserved for our review (see People v Connors, 91 AD3d 1340, 1341-1342 [4th Dept 2012], lv denied 18 NY3d 956 [2012]). We decline to exercise our power to reach that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant's further contention that the restitution component of his sentence must be vacated because restitution was directed to an entity that is not a law enforcement agency as contemplated in Penal Law § 60.27 (9) is a challenge to the legality of the sentence and thus survives his waiver of the right to appeal and does not require preservation (see People v Boatman, 110 AD3d 1463, 1464 [4th Dept 2013], lv denied 22 NY3d 1039 [2013]). Contrary to defendant's contention, we conclude that the court properly directed him to pay restitution to the Orleans County Major Felony Crime Task Force for the unrecovered funds it expended in buying drugs from him (see
§ 60.27 [9]; People v Tracey, 221 AD2d 738, 738 [3d Dept 1995], lv denied 88 NY2d 943 [1996]; see generally People v Diallo, 88 AD3d 1152, 1153-1154 [3d Dept 2011], lv denied 18 NY3d 993 [2012]; People v McCorkle, 298 AD2d 848, 848 [4th Dept 2002], lv denied 99 NY2d 561 [2002]).
Finally, we note that the certificate of conviction should be amended because it incorrectly reflects that defendant was sentenced as a second felony offender when he was [*2]actually sentenced as a second felony drug offender (see People v Holmes, 147 AD3d 1367, 1367-1368 [4th Dept 2017], lv denied 29 NY3d 998 [2017]; People v Smallwood, 145 AD3d 1447, 1447 [4th Dept 2016]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court