People v Hicks (2019 NY Slip Op 04847)





People v Hicks


2019 NY Slip Op 04847


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


667 KA 16-02225

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ZACHARIE HICKS, DEFENDANT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered October 18, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the designated surcharge and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). The People correctly concede that County Court erred in directing as part of the disposition that defendant pay a designated surcharge on the amount of restitution imposed in favor of the law enforcement agency that expended funds in the purchase of a controlled substance from defendant (see § 60.27 [8], [9]; People v Boatman, 110 AD3d 1463, 1464 [4th Dept 2013], lv denied 22 NY3d 1039 [2013]). Penal Law § 60.27 (9) provides that "[a]ny restitution which may be required to be made to a law enforcement agency pursuant to this section . . . shall not include a designated surcharge." We therefore modify the judgment accordingly (see People v Works, 170 AD3d 1670, 1671 [4th Dept 2019]; id. at 1671-1672 [NeMoyer & Curran, JJ., concurring]).
Contrary to defendant's contention, we conclude that the record establishes that the court "conducted an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice . . . , and that [t]he plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Livermore, 161 AD3d 1569, 1569 [4th Dept 2018], lv denied 32 NY3d 939 [2018] [internal quotation marks omitted]; see People v Lopez, 6 NY3d 248, 256 [2006]). Further, defendant's contention that the explanations of the waiver provided in the oral colloquy and written waiver were inconsistent or confusing is without merit (see People v Walker, 151 AD3d 1730, 1731 [4th Dept 2017], lv denied 29 NY3d 1135 [2017], reconsideration denied 30 NY3d 984 [2017]), and "there is no indication in the record that he was confused when he waived his right to appeal" (People v Cunningham, 158 AD3d 1257, 1258 [4th Dept 2018], lv denied 31 NY3d 1012 [2018]). Nonetheless, the valid waiver of the right to appeal does not preclude defendant from challenging the severity of the sentence inasmuch as the court's "statements concerning the maximum sentence that could be imposed were inconsistent, confusing and misleading" (People v Boyzuck, 72 AD3d 1530, 1530 [4th Dept 2010]; see People v Faircloth, 162 AD3d 789, 790 [2d Dept 2018], lv denied 33 NY3d 947 [2019]; see generally People v Eron, 79 AD3d 1774, 1775 [4th Dept 2010]). We conclude, however, that the sentence is not unduly harsh or severe.
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court