People v Corron (2020 NY Slip Op 00934)





People v Corron


2020 NY Slip Op 00934


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


47 KA 19-01535

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TODD CORRON, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered September 21, 2017. The judgment convicted defendant upon his plea of guilty of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law
§ 120.10 [1]). We agree with defendant that his waiver of the right to appeal is invalid inasmuch as County Court conflated the right to appeal with those rights automatically forfeited by the guilty plea (see People v Chambers, 176 AD3d 1600, 1600 [4th Dept 2019], lv denied — NY3d — [2019]; People v Rogers, 159 AD3d 1558, 1558-1559 [4th Dept 2018], lv denied 31 NY3d 1152 [2018]; People v Holmes, 147 AD3d 1367, 1367 [4th Dept 2017], lv denied 29 NY3d 998 [2017]).
Defendant's challenge to the voluntariness of his plea, based on the court's alleged failure to inquire about defendant's mental health status at the time of the plea and failure to require defendant to provide a "personal recitation" of the elements of the crime, is not preserved for our review because defendant did not move to withdraw his plea or to vacate the judgment of conviction (see People v Reddick, 175 AD3d 1788, 1789 [4th Dept 2019]). We decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). To the extent that defendant's contention that he was denied effective assistance of counsel survives his plea of guilty (see People v Robinson, 39 AD3d 1266, 1267 [4th Dept 2007], lv denied 9 NY3d 869 [2007]), we conclude that it is without merit. The record establishes that defendant received "an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Ford, 86 NY2d 397, 404 [1995]). Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court