People v Burch (2025 NY Slip Op 00520)

People v Burch

2025 NY Slip Op 00520

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

21 KA 22-00016

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HEZEKIAH N. BURCH, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALINA YOUNG OF COUNSEL), FOR DEFENDANT-APPELLANT.
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered December 8, 2021. The judgment convicted defendant upon a plea of guilty of attempted rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of attempted rape in the first degree (Penal Law §§ 110.00, former 130.35 [1]), defendant contends that his waiver of the right to appeal is invalid, challenges County Court's denial of his request for youthful offender treatment, and contends that the sentence is unduly harsh and severe.
Contrary to defendant's contention, the record establishes that the court engaged defendant "in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Lamagna, 173 AD3d 1772, 1772 [4th Dept 2019], lv denied 34 NY3d 934 [2019] [internal quotation marks omitted]; cf. People v Dunn [appeal No. 3], 229 AD3d 1220, 1221 [4th Dept 2024]; People v Elmore [appeal No. 2], 213 AD3d 1245, 1246 [4th Dept 2023]). On this record, defendant's " 'monosyllabic affirmative responses to questioning by [the court] do not render his [waiver of the right to appeal] unknowing and involuntary' " (People v Harris, 94 AD3d 1484, 1485 [4th Dept 2012], lv denied 19 NY3d 961 [2012]; see People v Allen, 174 AD3d 1456, 1457 [4th Dept 2019], lv denied 34 NY3d 978 [2019]). We conclude that "all the relevant circumstances reveal a knowing and voluntary waiver" (People v Thomas, 34 NY3d 545, 563, cert denied — US &mdash, 140 S Ct 2634 [2020]).
The valid waiver of the right to appeal precludes appellate review of defendant's challenge to the court's consideration of and denial of his request to be adjudicated a youthful offender (see People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]; People v Stackhouse, 214 AD3d 1303, 1304 [4th Dept 2023], lv denied 39 NY3d 1157 [2023]) as well as his challenge to the severity of the sentence (see Pacherille, 25 NY3d at 1023; People v Lopez, 6 NY3d 248, 255-256 [2006]).
Finally, we note that the uniform sentence and commitment form contains an inaccurate citation to Penal Law § 130.25 (1) rather than the correct citation, Penal Law § 130.35 (1). The uniform sentence and commitment form must therefore be amended to correct that clerical error (see People v Heverly, 230 AD3d 1534, 1537 [4th Dept 2024], lv denied — NY3d — [2024]; People v Graham, 215 AD3d 1263, 1264 [4th Dept 2023], lv denied 40 NY3d 934 [2023]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court